FILED
JANUARY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TG

08 C 149

JUDGE KENDALL
MAGISTRATE JUDGE COLE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL TURNER, | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| vs. | ) Judge |
| | ) Magistrate Judge |
| CITY OF CHICAGO, | ) |
| Chicago Police Officers | ) |
| DANIEL BORA, Star 19830, and | ) Jury Demand |
| THOMAS CAREY, Star 18795, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a resident of Chicago, Illinois.

5. Plaintiff is a Minister.

6. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

9. On or about December 20, 2006, at approximately 10:30 p.m., Plaintiff was

waiting for a bus at the corner of Homan and Jackson in Chicago.

10. While waiting for the bus, Defendants BORA and CAREY approached Plaintiff in their police car.

11. BORA ordered Plaintiff to come to his car.

12. Plaintiff complied with BORA's order and went to the car.

13. Plaintiff was seized and not free to leave.

14. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize Plaintiff.

15. Plaintiff was then handcuffed.

16. Plaintiff was under arrest.

17. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis arrest Plaintiff.

18. In order to justify seizing Plaintiff, the Defendant-Officers falsely claimed that Plaintiff was yelling "rocks" at people and cars passing while he was standing at the bus stop.

19. The Defendant-Officers placed Plaintiff in the back of their police car.

20. While in the car, the Defendant-Officers asked Plaintiff where they could find someone with drugs in the area.

21. Plaintiff told the Defendant-Officers that he did not know anybody that had drugs in the area.

22. The Defendant-Officers drove around with Plaintiff asking Plaintiff to tell them where they could find somebody with drugs.

23. Plaintiff repeatedly explained to the Defendant-Officers that he did not know anybody that had drugs.

24. Since Plaintiff would not tell the Defendant-Officers where they could find drugs, the Defendant-Officers took Plaintiff to the 11th District police station.

25. At the station, the Defendant-Officers searched Plaintiff.

26. Defendant-Officers did not have a search warrant, probable cause, reasonable

suspicion, or any other legal justification to search Plaintiff's person.

27. As a result of the illegal search and seizure, the Defendant-Officers claimed that they found narcotics.

28. Plaintiff was charged with soliciting unlawful business and unlawful possession of a controlled substance.

29. The case was nolle prossed on or about March 26, 2007, in case number 07 CR 2338, Cook County Circuit Court.

30. As a result of the charges arising from the illegal search and seizure, Plaintiff was incarcerated at the Cook County Jail for over three months from December 20, 2006, to March 28, 2007.

31. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

32. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

33. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

34. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

35. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

36. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

37. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

38. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

39. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;
b) Award compensatory and punitive damages, as determined at trial;
c) Award attorneys' fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Person)

40. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

41. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;
b) Award compensatory and punitive damages, as determined at trial;
c) Award attorneys' fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

42. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

43. Defendant BORA instituted charges against Plaintiff for unlawful possession of a controlled substance and soliciting unlawful business.

44. There was not probable cause for such charges.

45. The charges were terminated in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant BORA;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

46. The acts of Defendant BORA described in the supplementary state law claim specified above were willful and wanton, and committed in the scope of employment.

47. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

48. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

49. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

                                            Respectfully submitted,

                                            /s/ Louis J. Meyer
                                            *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595