# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 149 |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE KENDALL |
| Chicago Police Officers | ) | MAGISTRATE JUDGE COLE |
| DANIEL BORA, Star 19830, and | ) | |
| THOMAS CAREY, Star 18795, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES AND JURY DEMAND

Defendants, City of Chicago, Daniel Bora and Thomas Carey, by one of their attorneys, Margaret A. Carey, Senior Counsel for the City of Chicago, submit the following answer to Plaintiff's complaint, affirmative defenses, 12(b)(6) defenses and jury demand.

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Defendants admit that plaintiff has brought this action pursuant to 42 U.S.C. §1983.  Defendants deny that Plaintiff can state a claim directly under the United States Constitution.  Defendants further deny any wrongful or illegal conduct.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).  Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**    Defendants admit that jurisdiction is proper.  Defendants deny any wrongful or illegal conduct.

3.      Venus is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:**    Defendants admit that venue is proper.  Defendants deny the claims

alleged and further deny any wrongful or illegal conduct.

### Parties

4.      Plaintiff is a resident of Chicago, Illinois.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

5.      Plaintiff is a Minister.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

6.      Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**    Defendants admit that Defendant Officers are sworn Chicago Police

Officers, were acting in the course and scope of their employment and under the color of law.

Defendants deny the remaining allegations and further deny any wrongful or illegal conduct.

7.      The Defendant-Officers are sued in their individual capacities.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

8.      The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

2

**ANSWER:**    Defendants admit the allegations contained in this paragraph but deny any

wrongful or illegal conduct.

### Facts

9.      On or about December 20, 2006, at approximately 10:30 p.m., Plaintiff was
waiting for a bus at the corner of Homan and Jackson in Chicago.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.


10.      While waiting for the bus, Defendants BORA and CAREY approached Plaintiff in
their police car.

**ANSWER:**    Defendants admit that Defendants Bora and Carey approached the

Plaintiff.  Defendants deny the remaining allegations contained in this paragraph and further deny

the sequencing of events.


11.      BORA ordered Plaintiff to come to his car.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.


12.      Plaintiff complied with BORA's order and went to the car.

**ANSWER:**    Defendants deny the allegations contained in this paragraph and further

deny the sequencing of events.

13.      Plaintiff was seized and not free to leave.

**ANSWER:**    Defendants admit that Plaintiff was arrested and not free to leave.

Defendants deny the remaining allegations contained in this paragraph and further deny the

sequencing of events.

14.    Plaintiff had not violated any city, state or federal law.  Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law.  Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize Plaintiff.

**ANSWER:**    Defendants admit that they did not have an arrest warrant for Plaintiff.

Defendants deny the remaining allegations contained in this paragraph.

15.    Plaintiff was then handcuffed.

**ANSWER:**    Defendants admit that Plaintiff was handcuffed.  Defendants deny the

sequencing of events and the remaining allegations contained in this paragraph.

16.    Plaintiff was under arrest.

**ANSWER:**    Defendants admit that Plaintiff was placed under arrest.  Defendants deny

the sequencing of events.

17.    Plaintiff had not violated any city, state or federal law.  Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law.  Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis arrest Plaintiff.

**ANSWER:**    Defendants admit that they did not have an arrest warrant for Plaintiff.

Defendants deny the remaining allegations contained in this paragraph and further deny the

sequencing of events.

18.    In order to justify seizing Plaintiff, the Defendant-Officers falsely claimed that Plaintiff was yelling "rocks" at people and cars passing while he was standing at the bus stop.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

19.    The Defendant-Officers placed Plaintiff in the back of their police car.

4

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

20.    While in the car, the Defendant-Officers asked Plaintiff where they could find someone with drugs in the area.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

21.    Plaintiff told the Defendant-Officers that he did not know anybody that had drugs in the area.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

22.    The Defendant-Officers drove around with Plaintiff asking Plaintiff to tell them where they could find somebody with drugs.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

23.    Plaintiff repeatedly explained to the Defendant-Officers that he did not know anybody that had drugs.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

24.    Since Plaintiff would not tell the Defendant-Officers where they could find drugs, the Defendant-Officers took Plaintiff to the 11th District police station.

**ANSWER:**    Defendants admit that Plaintiff was transported to the 11th District.

Defendants deny the remaining allegations contained in this paragraph and further deny the

sequencing of events.

25.    At the station, the Defendant-Officers searched Plaintiff.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

26.    Defendant-Officers did not have a search warrant, probable cause, reasonable suspicion, or any other legal justification to search Plaintiff's person.

**ANSWER:**    Defendants admit that they did not have a search warrant for Plaintiff. Defendants deny that such a warrant was needed and further deny the remaining allegations contained in this paragraph.

27.    As a result of the illegal search and seizure, the Defendant-Officers claimed that they found narcotics.

**ANSWER:**    Defendants admit that they found narcotics.  Defendants deny the remaining allegations contained in this paragraph.

28.    Plaintiff was charged with soliciting unlawful business and unlawful possession of a controlled substance.

**ANSWER:**    Defendants admit Plaintiff was arrested for soliciting unlawful business and unlawful possession of a controlled substance.  Defendants deny the remaining allegations contained in this paragraph.

29.    The case was nolle prossed on or about March 26, 2007, in case number 07 CR 2338, Cook County Circuit Court.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.    As a result of the charges arising from the illegal search and seizure, Plaintiff was incarcerated at the Cook County Jail for over three months from December 20, 2006, to March 28, 2007.

**ANSWER:**    Defendants deny that Plaintiff's arrest and seizure was illegal.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

31.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

32.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including lost wages.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

33.     Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to paragraphs 1 through 32 as their

answer to paragraph no. 33 of Count I as though fully set forth herein.

34.     Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

35.     Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

36.     The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court

deems necessary and proper.

## COUNT II
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

37.     Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to paragraphs 1 through 32 as their

answer to paragraph 37 as though fully set forth herein.

38.     Defendant-Officers did not have an arrest warrant, probable cause, reasonable
suspicion, or any other lawful basis to arrest or detain Plaintiff.

**ANSWER:**    Defendants admit they did not have an arrest warrant for Plaintiff.

Defendants deny the remaining allegations contained in this paragraph.

39.     The actions of Defendant-Officers in arresting Plaintiff without any legal
justification or probable cause, violated his Fourth Amendment right, as guaranteed by the
Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court

deems necessary and proper.

## COUNT III
### (42 U.S.C. § 1983 - Illegal Search of Person)

40.     Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to paragraphs 1 through 32 as their

answer to paragraph no. 40 as though fully set forth herein.

41.    The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

42.    Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:**    Defendant Bora[1] reasserts his answers to paragraphs 1 through 32 as his answer to paragraph 42 as though fully set forth herein.

43.    Defendant BORA instituted charges against Plaintiff for unlawful possession of a controlled substance and soliciting unlawful business.

**ANSWER:**    Defendant Bora denies the allegations contained in this paragraph.

44.    There was not probable cause for such charges.

**ANSWER:**    Defendant Bora denies the allegations contained in this paragraph.

45.    The charges were terminated in a manner indicative of Plaintiff's innocence.

**ANSWER:**    Defendant Bora is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**WHEREFORE**, Defendant Bora respectfully requests that judgment be entered in his favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable

---

[1]Plaintiff has only brought this claim against Defendant Bora.  Therefore, only Defendant Bora answers Count IV.  No other Defendant makes any answer to this count.

Court deems necessary and proper.

## COUNT V
## (State Law *Respondeat Superior* Claim[2])

46.    The acts of Defendant BORA described in the supplementary state law claim specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:**    Defendant City admits that Defendant Bora was acting withing the scope

of his employment.  Defendant City denies the remaining allegations contained in this paragraph.

47.    Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:**    Defendant City admits that it is the principal of Defendant Bora.

Defendant City further admits that under certain circumstances it may be liable for the actions of

its agents.  Defendant City denies the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant City respectfully requests that judgment be entered in its

favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable

Court deems necessary and proper.

## COUNT VI
## (Indemnification Claim pursuant to 745 ILCS 10/9-102[3])

48.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**    Defendant City admits that the Defendant Officers were acting within the

scope of their employment.  Defendant City denies the remaining allegations contained in this

paragraph.

---

[2] This Count is directed against the City of Chicago.  Therefore, no other Defendant makes an answer to this Count.

[3] This Count is directed against the City of Chicago.  Therefore, no other Defendant makes an answer to this Count

49.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:**    Defendant City admits that under certain circumstances it may be liable for judgments arising from the actions of the Defendant Officers.  Defendant City denies the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant City respectfully request that judgment be entered in its favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.    Defendants are government officials who perform discretionary functions.  At all times material to the events alleged in plaintiff's  complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Officers Bora and Carey could have believed their actions to be lawful, in light of clearly established law and the information that Defendants possessed.  Officers Bora and Carey, therefore, are entitled to qualified immunity as a matter of law.

2.    Officers Bora and Carey were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, Officers Bora and Carey are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202.

3.    Officers Bora and Carey are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an

injury caused by the act or omission of another person.  745 ILCS 10/2-204.

4.      That any injuries or damages claimed by the Plaintiff against Officers Bora and Carey were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff.  Even if Officers Bora and Carey were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.

5.      To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with degree of failure to mitigate attributed to plaintiff by the jury in this case.

6.      Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109.

7.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or  a third party.  745 ILCS 10/2-212.

8.      As to Plaintiff's state law claim for malicious prosecution, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successfully party.'"  See Kerns v. Engelke, 76 Ill.2d. 1554, 166 (1979)(citations omitted).

9.      Under Illinois Tort Immunity law, Defendant Bora is not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding with in the scope of his employment, unless they acted maliciously and without probable cause. 745

ILCS 10/2-208.

## 12(B)(6) DEFENSES

1.     The statute of limitations for state law claims against a municipality or its employees is one year.  745 ILCS 10/8-101.  To the extent Plaintiff is attempting to bring any state law claim, other than a claim for malicious prosecution, it would be barred by the statute of limitations.

2.     In Count I, Plaintiff attempts to state a claim for "unreasonable seizure" in violation of Plaintiff's Fourth Amendment rights.  In Count II Plaintiff attempts to state a claim for "false arrest/imprisonment" in violation of Plaintiff's Fourth Amendment rights.  These claims are identical for purposes of the Fourth Amendment.  As such either Count I or II should be dismissed.

## JURY DEMAND

Defendants, City of Chicago, Daniel Bora and Thomas Carey, respectfully request a trial by jury.

Respectfully submitted,

\s\ Margaret A. Carey
MARGARET A. CAREY
Senior Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6073
(312) 744-6566 (Fax)
Atty. No. 06206693

### CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT DEFENSES AND JURY**

**DEMAND**  to be sent via electronic filing to the individuals on the notice list, on this 2nd day of

April, 2008.


\s\ Margaret A. Carey
MARGARET A. CAREY
Senior Counsel