UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL TURNER; ) | |
| ) | Case No. 08 C 149 |
| Plaintiff, ) | |
| ) | Judge Kendall |
| vs. ) | |
| ) | Magistrate Judge Cole |
| CITY OF CHICAGO, Chicago Police Officers ) | |
| DANIEL BORA, Star 19830, and THOMAS ) | |
| CAREY, Star 18795, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S
MOTION FOR A PROTECTIVE ORDER**

Defendant, City of Chicago ("Defendant City"), by and through one of its attorneys, Matthew R. Hader, Assistant Corporation Counsel of the City of Chicago, hereby moves this honorable court for a protective order, pursuant to Rule 26(c). In support of this motion, Defendant states as follows:

1. On January 8, 2008, Plaintiff filed his complaint alleging false arrest, illegal search, and malicious prosecution against two individual police officers. Plaintiff brings claims of indemnification and for liability pursuant to the doctrine of respondeat superior against the City of Chicago.

2. Plaintiff has served the Defendant, City of Chicago, with interrogatories pursuant to Fed. R. Civ. P. 33. (Attached as Exhibit A.)

3. Defendant contacted the plaintiff and requested that plaintiff withdraw the interrogatories because (1) the City of Chicago admits that it will indemnify the individual officers for all compensatory damages if they are found liable in this matter: (2) There are no unknown officers in this matter; (3) the interrogatories are better answered by the individuals defendants; (4)

1

the interrogatories are harassing in that they are nothing more than an attempt to waste the time and efforts of defense counsel; (5) and the interrogatories are unduly burdensome in that many of the interrogatories require a summary or review of documents which plaintiff can do on his own.

4.      On July 7, 2008, the undersigned, pursuant to Local Rule 37.2, discussed these issues with counsel for the plaintiff. Counsel for the plaintiff agreed that they are basically the same questions asked of the individuals but refused to withdraw the interrogatories. Defendants now bring this motion seeking a protective order and quashing plaintiff's interrogatories served on the Defendant City of Chicago.

5.      Federal Rule of Civil Procedure 26(c) allows the court,

> "…to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following" … "(C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;" Fed. R. Civ. Proc. 26(c)(1).

6.      Defendant City of Chicago seeks a protective order quashing plaintiff's interrogatories propounded on the City in this matter because the interrogatories serve no purpose other than to annoy, oppress, and cause an undue burden on Defendant.

7.      Plaintiff's purpose to annoy is clear. As plaintiff's counsel stated on the telephone, these interrogatories are "basically the same as what the officers were asked." The majority of the questions posed to the City are the same as those posed to the individual defendant officers. There is no reason to have the City of Chicago attempt to answer specific interrogatories in a redundant matter where the plaintiff has already asked these same questions and received answers from the individual defendants. Plaintiff's purpose is to annoy and waste the time of defense counsel. Accordingly, plaintiff's interrogatories are better suited for deposition questions to the individuals. As a matter of fact, of the 18 interrogatories (numbered 1 – 18 although they exceed that amount

based on the fact that many subparts are actually unrelated and separate interrogatories), 14 of them are duplicative of information asked of the individual defendants. (These are nos. 2 - 6, 8, 10, 12-18.) Defendant asks pursuant to Rule 26(c)(1)(C) that this Court strike the interrogatories to the City as they have already been answered by the individuals. To the extent Plaintiff seeks more detail or information, Defendant asks this court to prescribe that these questions be asked by deposition of the individual defendants, rather than by interrogatory to the City of Chicago.

8. Plaintiff's interrogatories place an undue burden on Defendant City of Chicago and should therefore be quashed. Specifically, plaintiff's interrogatories require defendant to examine, review, and restate information that appears in documents. Plaintiff's counsel is capable of doing its own investigation and document review. Many of the interrogatories seek personal knowledge that a corporate entity simply does not have but the officers involved do have. For example, many of the interrogatories seek information about the events which occurred at the time and place of plaintiff's arrest. The arresting officers who are the individual defendants have already answered these questions. Other interrogatories ask for personal knowledge such as interrogatory #10, "Do you know any statements or communications made by other persons…" As such, plaintiff's interrogatories present an undue burden on Defendant City of Chicago and should therefore be quashed.

9. Plaintiff was arrested on December 20, 2006, after soliciting the sale of crack cocaine. This case is simply an inquiry of whether or not plaintiff was unlawfully arrested for soliciting on that day. The vast majority of Plaintiff's discovery propounded on the City of Chicago is irrelevant and immaterial to any issue of concern in this case and not likely to lead to the discovery of admissible evidence. For example, interrogatory 11 asks for descriptions of general orders and procedures, etc. regarding probable cause, arrest procedures, use of force and excessive force. Not

3

only is there no claim in this case regarding the use of force or that some procedure was somehow unconstitutional, the legal concept of probable cause ought to be quite clear to plaintiff (in light of his history of 40 arrests which includes 7 felony narcotics convictions).

      10.     While the City may have sought relief from this court in the form of a motion to bifurcate had there been a *Monell* claim, a protective order in this matter (where there is no independent claim against the City of Chicago) appropriately deters annoying, harassing discovery while preventing any undue burden on the Defendant City.  Furthermore, granting this protective order furthers the purposes of discovery in that it seeks to bring forth the facts and materials that are at issue in this matter and not delve into remote and unrelated issues that needlessly drive the cost of litigation higher.

      **WHEREFORE**, Defendant City respectfully requests that this Court enter a protective order striking plaintiff's interrogatories to the Defendant City and any other such relief as this court deems just and appropriate.

Respectfully submitted,

  s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

## CERTIFICATE OF SERVICE

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANT CITY OF CHICAGO'S MOTION FOR A PROTECTIVE ORDER,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on July 10, 2008, in accordance with the rules governing the electronic filing of documents.

       s/ Matthew R. Hader
       MATTHEW R. HADER
       Assistant Corporation Counsel