UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL TURNER;  )  <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF CHICAGO, Chicago Police Officers ) <br> DANIEL BORA, Star 19830, and THOMAS ) <br> CAREY, Star 18795, ) <br> ) <br> Defendants. ) | Case No. 08 C 149 <br><br> Judge Kendall <br><br> Magistrate Judge Cole |

# *Exhibit A*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 149 |
| | ) | |
| vs. | ) | Judge Kendall |
| | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT CITY OF CHICAGO

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Samuel Turner, through counsel, Law Offices of Lawrence V. Jackowiak, requests that the above-named Defendant answer the following interrogatories in writing and under oath within thirty days.

**Definitions and instructions:**

1. In answering these interrogatories, you are legally required to furnish not merely your personal knowledge or the personal knowledge of the person preparing these answers, but all information that is available to you, including, but not limited to: information in the possession of your principals, agents, employees, attorney(s), accountants, etc.

2. The terms "and" and "or" mean "and/or" so that the terms are given their broadest possible meaning.

3. The terms "any" and "all" mean "any and all" so that the terms are given their broadest possible meaning.

4. The use of the singular herein shall include the plural, and the plural shall include the singular. Use of the masculine herein shall include the feminine, and the feminine shall include the masculine, as appropriate in the context.

5. The term "persons," as used herein, shall mean any natural person, corporation, including any corporate affiliate, division or wholly-owned or other subsidiary thereof, association, partnership, joint venture, sole proprietorship, government body or other entity.

6. The term "document," and the term "thing," as used herein shall be given the broadest and most expansive meaning, and includes, but is not limited to the following: any and all physical evidence, any type of object, any and all accounts, agreements, appointment records, balance sheets, bills, bills of lading, blood, books, books of account, books of original entry and other books of records, bylaws, cablegrams, calendars, cassette tapes, certificates, charters,

charts, checks, communications, computations, computer printouts, computer discs, contracts, correspondence, data processing program library, data processing input and output, diaries, digital media, drafts, drafts of documents, drawings, e-mails, entries, estimates, films, financial statements, form graphs, graphs, handbooks, income statements, indices, instruments, inter-office and intra-corporate communications, invoices, itemizations, journals, ledgers, letters, lists, logs, magnetic tapes, manuals, meeting reports, memoranda, microfilm, minute books, minutes of meetings, motion pictures, notations, notes, notes or memoranda of conversations, opinions, papers, phonorecords, photographs, photocopies, pictures, plans, press releases, proposals, receipts, recordings, records, records of account, reports, requisitions, resolutions, information retrievable from computer storage, schedules, sketches, sound recordings, specifications, statements, summaries, system analysis, tabulations, tapes, tape recordings, telegrams, transcripts, valuations, videotapes, vouchers, writings, work papers, x-rays, *and all non-identical copies thereof, which are in the possession, custody or control of you, your attorneys, accountants or agents, or any of their agents, including currently or formerly-existing documents of which you have or had knowledge of but do not have possession, custody or control.*

7. The term "communication," as used herein, shall mean the transmissions of information between two or more people orally, in writing, in person, by telephone, by computer, by email, or by any other electronic means.

8. The term "relating to," as used herein, means constituting, containing, referring to, reflecting upon, evidencing, or in any way logically or factually connected with the matter discussed.

9. As used herein, the words "identify," "identity" or "identification," when used in reference to a natural person, means to state such person's full name and present or last known home and work address, present or last known phone number(s), his or her present or last known position or business affiliation, and each of his or her positions during the applicable time period as herein defined along with a brief description of the person's duties.

10. As used herein, the words "identify," "identity" or "identification" when used in reference to a business entity or firm, means to state such business entity's or firm's full name, present or last know principal place-of-business address and telephone number.

11. When used in reference to a document, the words "identify," "identity" or "identification" mean to state:

    (a) a description of the contents of the document;
    (b) the date appearing on such document, and, if no date so appears, then to so state and to give the date or the best approximate date on which such document was prepared;
    (c) any identifying label, code number, file number, name, marking or title;
    (d) the general type of document, e.g.: correspondence, note, memorandum, telegram, cable, sound recording, drawing, photograph, data card, data printout, etc.;
    (e) the number of pages of length;

 (f) the identity of every author whether such person signed the document or not;
 (g) the identity of every person to whom such document was addressed as well as every other person to whom such document or any copy thereof was given or sent; and
 (h) the identity of the person having possession, custody or control of such document as well as each other person who has had possession, custody or control during the relevant time period.

12. When used in reference to any oral communication, "identify," "identity" or "identification" mean to set forth:

 (a) by who made;
 (b) to whom made;
 (c) the method by which made;
 (d) the date or best approximate date thereof;
 (e) the place at which received;
 (f) a brief description of the contents of such oral communication;
 (g) any and all witnesses to each communication identified.

13. If any interrogatory is objected to or not answered on the ground that it is claimed to be privileged, a statement shall be provided setting forth as to each such document or statement:

 (a) the name of the sender of the document or the declarant;
 (b) the name of the author of the document;
 (c) the name of the person(s) to whom copies were sent or the statement made;
 (d) the date of the document or statement;
 (e) the date on which the document was received by those having possession of the document;
 (f) a brief description of the nature and subject matter of the document or statement; and
 (g) the statute, rule or decision which is claimed to give rise to the privilege.

14. Any documents identified or referred to in your answer to these interrogatories must be number-stamped, referred to by number(s), and appended to your answer to these interrogatories.

**INTERROGATORIES TO BE ANSWERED UNDER OATH:**

*N.B. The word "document" includes, inter alia, the printed form, or other reasonably usable form, of any and all electronically stored information, saved computer files, data, etc., in the control of the City of Chicago, the Chicago Police Department, the Office of Professional Standards, Internal Affairs Divisions, or any other division of the City of Chicago and/or the Chicago Police Department, including any information which is retrievable by computer codes.*

1. State the name, address, phone number, job title, and employer of the person(s) answering these interrogatories, explain why this person was selected to answer these interrogatories, including a description of why the person selected has the requisite knowledge to properly and fully answer these interrogatories. In addition, identify each person who assisted in answering these interrogatories, and specify which interrogatory and/or its subpart the identified person assisted with. If different from above, state the full name, job title, address, and phone number of the individual signing the answers.

**ANSWER:**

2. Identify each person who had any physical contact with the Plaintiff at any time during the occurrence that is the subject of this lawsuit, including the arrest, transport, processing, detention and/or interrogation of the Plaintiff. "Identify" means to state each person's full name, date of birth, address and telephone number; for police officers, also give their star number, district and unit of assignment. For each person identified, describe any and all physical contact the person had with the Plaintiff, and any injuries that resulted.

**ANSWER:**

3. Other than those persons identified in the above interrogatories, identify all persons who have knowledge, or may have knowledge, of any discoverable information which in any way relates to the occurrence including any of the facts, claims, allegations, defenses, and/or damages in this case. For each person identified, state the person's name, address and telephone number, together with a summary of what you believe is the general substance of the discoverable information held by each person. For each police officer identified, also give their star number, district, and unit of assignment.

**ANSWER:**

4. Identify, state, and describe any and all statements (including oral and written statements), made by the Plaintiff, including statements to Office of Professional Standards (OPS) and/or the Internal Affairs Division (IAD) of the Chicago Police Department, and conversations with the Plaintiff at or near the time of the occurrence. For each statement, identify the date, time and place that the statement was made, as well as any witnesses. Also state whether each statement identified was written and/or recorded, together with the name, address, and telephone number of the person who now has custody, possession or control of each statement.

**ANSWER:**

4

5. Has DANIEL BORA ever been suspended, reprimanded, or disciplined in any way, during his employment with the Chicago Police Department? If yes, for each occurrence, identify the reason given for the suspension, reprimand, or other discipline.

**ANSWER**:


6. Has THOMAS CAREY ever been suspended, reprimanded, or disciplined in any way, during his employment with the Chicago Police Department? If yes, for each occurrence, identify the reason given for the suspension, reprimand, or other discipline.

**ANSWER**:


7. Has DANIEL BORA ever been recommend for termination during his employment with the Chicago Police Department? If yes, identify the person(s) who made the recommendation.

**ANSWER**:


8. Who was DANIEL BORA's supervisor(s) on December 20, 2006?

**ANSWER**:


9. How many arrest in the last 5 years has DANIEL BORA made where the criminal charges were either nolle prossed, stricken with leave to reinstate, and/or dismissed?

**ANSWER**:


10. Do you know of any statements or communications made by any other persons which refers to or relates to the occurrence and/or any of the facts, claims, allegations, defenses, and/or damages in this case? If so, describe the substance of each statement, and identify any witnesses to any such statement. Also state whether each statement identified was written and/or recorded, together with the identity of the person who now has custody, possession or control of any and all such statements.

**ANSWER**:


11. At the time of the incident in this case, were there in existence any Chicago Police Department procedures, general orders, regulations, rules, guidelines, policies, etc., related to arrest procedures, probable cause, use of force, and excessive force? If yes, provide the

following:

    a)    describe in detail the nature of such procedures;
    b)    identify the person(s) responsible for implementing such procedures;
    c)    identify any documents related to this interrogatory.

**ANSWER:**

12. Identify and describe any convictions that you may seek to introduce as impeachment of a witness or for any other purpose at trial.

**ANSWER:**

13. For any and all affirmative defenses you assert in this case, fully describe the factual basis to support each defense asserted, and identify all documents, electronically stored information, and things that are related to the facts of each asserted defense, and identify all persons have has any information or knowledge related to any defense asserted.

**ANSWER:**

14. Identify each person who you intend to call as an expert witness at the trial of this case. For each person identified:

    (a)    state the subject matter on which each expert will testify along with a complete statement of all opinions;
    (b)    state the substance of the facts and opinions to which each expert is expected to testify;
    (c)    state the complete basis and grounds for each opinion;
    (d)    describe in detail each expert's qualifications, listing any schools attended and degrees received, experience in particular fields, number of years in practice, a list of memberships in any professional societies, and a list of all publications authored by witness in the last ten years;
    (e)    identify all documents and/or things that each expert examined, relied upon, considered and/or consulted in forming each opinion;
    (f)    state and describe the compensation and rates to be paid;
    (g)    state the number of times that each expert has been retained by the City of Chicago, and/or any person being defended by the City of Chicago, either by Corporation Counsel or outside counsel;
    (h)    including for the cases described in section (g) above, state whether each expert identified has been retained as an expert in any other case or litigation in the last ten years, and, if so, for each instance:

        i)    state the name of each case along with the case number and name/location

of the court;

ii) state the dates of service and the general substance of the expert's work in each case;

iii) identify the parties and attorneys involved in each case, and state whether the expert testified for the plaintiff(s) or defendant(s);

iv) identify each time that each expert has testified at a deposition, including the date and place of the deposition, and the name, address and phone number of the court reporter;

v) identify each time that each expert has testified at trial, including the date and place of the trial, and the name, address and phone number of the court reporter.

**ANSWER:**


15. Identify and describe any statements, information and/or documents requested by any of the foregoing interrogatories and/or Plaintiff's Request for Production of Documents which you and/or your attorney(s) claim to be work product, confidential, and/or subject to any common law or statutory privilege, and for each such thing identified state the legal basis for the claim.

**ANSWER:**


16. Identify any and all documents, electronically stored information, and/or things which were at any time in your possession, control or custody, (including any documents or things which have been lost or stolen) that has not been produced or identified in your response to the above interrogatories and/or Plaintiff's Request for Production of Documents, Electronically Stored Information, and Things, that would otherwise be responsive to the above interrogatories and/or Plaintiff's Request for Production of Documents, Electronically Stored Information, and Things.

**ANSWER:**


17. Do you know of any documents, electronically stored information, or things which you have not produced that would be responsive to Plaintiff's Request for Production of Documents, Electronically Stored Information, and Things that are not in your possession, custody or control? If yes, identify each and every applicable document, electronically stored information, and/or thing, and the person(s) who have possession, custody or control of the identified document or thing.

**ANSWER:**

18. Is each and every one of your answers to the above interrogatories correct, full and complete, even when an objection is made? If not, identify each and every interrogatory where an answer was not full and complete, and explain why each identified answer was not full and complete.

**ANSWER:**


*N.B. You are reminded that pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure, the above requests are deemed to be continuing, and until this case has reached a conclusion, you have an ongoing duty to supplement the above answers with any further information or things that you become aware of or receive.*


Respectfully submitted,

/s/ Louis J. Meyer
*Louis J. Meyer*
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

8