IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 149 |
| | ) | |
| vs. | ) | Judge Kendall |
| | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF CHICAGO'S
MOTION FOR A PROTECTIVE ORDER**

NOW COMES the Plaintiff, Samuel Turner, through counsel, Law Offices of Lawrence V. Jackowiak, responds to Defendants City of Chicago's Motion for a Protective Order.

1. In this case, Plaintiff alleges that on December 20, 2006, he was unreasonably seized, illegally searched and falsely arrested by Defendant-Officers DANIEL BORA and THOMAS CAREY. Plaintiff further alleges that Defendant BORA instituted false charges against Plaintiff.

2. On March 26, 2007, Plaintiff's case was nolle prossed after Honorable Daniel Darcy granted Samuel's motion. In his ruling, Judge Darcy stated that:

> "Based on the Defendant (Mr. Turner) just yelling 'Rocks,' he didn't stop any cars, there were no hand-to-hand transactions, he wasn't waving down cars, he didn't walk up to any cars. And just merely yelling 'rocks' is not probable cause to place anybody under arrest. It may be suspicion that something criminal is afoot, but... The officer might have reasonable grounds to approach the Defendant and inquire, but they didn't have probable cause to actually place the Defendant under arrest for the Defendant merely yelling 'rocks.' Subsequent to that, any search would have been improper under the Fourth Amendment. Therefore, based on the totality of the circumstances and considering only the proper evidence, the motion to quash arrest and suppress evidence will be granted."

3. This lawsuit alleging §1983 violations was subsequently filed on January 8, 2008.

4. On April 11, 2008, Plaintiff served Defendants BORA, CAREY, and the CITY OF CHICAGO with written discovery.

5. On July 9, 2008, Defendants BORA and CAREY answered Plaintiff's

interrogatories and all Defendants responded to Plaintiff's document request. The CITY OF CHICAGO did not answer the interrogatories that were served in April.

6. On July 7, 2008, Defendants' counsel contacted Plaintiff's counsel to address the interrogatories sent to the CITY OF CHICAGO.

7. The *only* issue raised by Defendants' counsel during that conversation was certain interrogatories sent to the City that inquired about Defendant BORA, specifically interrogatory numbers 5, 7, 8, and 9.

8. Defendants' counsel asked Plaintiff's counsel if he would withdraw those interrogatories. Plaintiff's counsel indicated that he would not. At no time during the conversation did Defendants' counsel ask Plaintiff's counsel to withdraw all of the interrogatories sent to the City.

9. On July 10, 2008, after Defendants' counsel filed the motion for a protective order, Plaintiff's counsel contacted Defendants counsel to address certain representations contained in the motion. After speaking, it was agreed between the parties that Plaintiff's counsel would withdraw all interrogatories to the City, except for interrogatory numbers 1, 4, 5, 6, 7, and 9.

10. Interrogatories 5, 6, 7, and 9, all deal with discipline histories and the professional background of the Defendant-Officers. This information is not only relevant to Plaintiff's allegations of false arrest but may also be admissible under FRE 404(b).

11. Plaintiff is particularly interested in the discipline history of Defendant BORA. In his answers to Plaintiff's interrogatories, Defendant BORA refuses to answer interrogatories regarding his discipline history. In response to an interrogatory asking about prior lawsuits, Defendant BORA lists 13 lawsuits and states, "this is all that I can recall and am aware of at this time." In light of Defendant BORA's history of prior lawsuits, the City is aware of BORA's discipline history and whether or not BORA has been named as a defendant in any additional lawsuits.

12. Defendants' assertion that the discovery requests regarding the Defendant-Officers discipline histories and professional background is an undue burden, harassing, and annoying is without merit.

WHEREFORE, for all the reasons stated above, Plaintiff respectfully requests that this

Honorable Court deny Defendant City's Motion for a Protective Order.

                                        Respectfully submitted,

                                        /s/ Louis J. Meyer
                                        *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602-3410
(312) 795-9595